IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

TRACY LEE BLOOD, an individual,

        Plaintiff,

  v.

GRANT COUNTY, and
SHERIFF TODD MCKINLEY

        Defendants.

No. 2:24-cv-01958-HL

**FINDINGS AND RECOMMENDATION**

HALLMAN, United States Magistrate Judge:

    Plaintiff Tracy Blood filed this action against Defendants Grant County, Grant County Sheriff's Office, Grant County Sheriff Todd McKinley, and Grant County Sheriff's Deputy Thomas Houpt. Notice of Removal, Ex. 1 ("Third Am. Compl."), ECF 1-1. As filed, the Complaint included six claims based on Oregon state law and two federal claims brought under 42 U.S.C. § 1983. *Id.* at ¶¶ 25–61. Plaintiff has now dismissed both claims brought under 42 U.S.C. § 1983, *see* Mins. of Proceedings, ECF 16, and those claims were the sole basis for federal question jurisdiction under 28 U.S.C. § 1331, Notice of Removal 2, ECF 1. Because the

PAGE 1 – FINDINGS AND RECOMMENDATION

only remaining claims are based on Oregon state law, this Court recommends declining to exercise supplemental jurisdiction over those claims and remanding the case to state court.

## BACKGROUND

This case arises from the Grant County Sheriff's investigation of an incident involving Plaintiff, including the Sheriff's statements to her employer. Third Am. Compl. *passim*.[1]

This case was first filed in state court on January 23, 2024, initially raising only state law claims. Mot. to Dismiss 11, ECF 5. Plaintiff subsequently filed amended complaints on February 9, 2024, and February 12, 2024. *Id.* at 12. Defendants filed a Rule 21 motion to make more definite and certain—which was granted—and an anti-SLAPP motion—which the court reserved ruling on. *Id.* On November 4, 2024, Plaintiff filed the Third Amended Complaint, which included two 42 U.S.C. § 1983 claims and named Deputy Houpt and the Grant County Sheriff's Office as new defendants. *Id.* It also included claims for defamation per se, intentional interference with economic relations, and intentional infliction of emotional distress. Third Am. Compl. ¶¶ 25–51. The inclusion of the federal claims led the case to be timely removed to this Court on November 22, 2024. Mot. to Dismiss 12.

Defendants filed a Motion to Dismiss, raising arguments under Federal Rule of Civil Procedure ("Rule") 12(b)(5), (6) and Oregon's anti-SLAPP statute, Or Rev. Stat. ("ORS") § 31.150. *See* Mot. to Dismiss. In her Response, Plaintiff withdrew her eighth claim for relief, which was one of the 42 U.S.C. § 1983 claims. Pl.'s Resp. 39, ECF 9. Plaintiff also dismissed Deputy Houpt and the Grant County Sheriff's Office as defendants. *Id.* During oral argument on

---

[1] Because the facts underlying the claims are familiar to the Parties and not relevant to the Court's recommendation, this Court instead focuses on the procedural background of the case.

PAGE 2 – FINDINGS AND RECOMMENDATION

May 30, 2025, Plaintiff withdrew her seventh claim for relief, which at that point was the only remaining 42 U.S.C. § 1983 claim. Mins. of Proceeding.[2]

## STANDARDS

In a "civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When a court dismisses all federal law claims before trial, 'the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Zielinski v. Serv. Emps. Int'l Union Loc. 503*, 499 F. Supp. 3d 804, 811–12 (D. Or. 2020) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998)); *see also Crane v. Allen*, No. 3:09-cv-1303-HZ, 2012 WL 602432, at *10 (D. Or. Feb. 22, 2012) ("Having resolved all claims over which it had original jurisdiction, this court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.").

## DISCUSSION

At this point, Plaintiff's remaining claims are based on state law. Defendants request that this Court retain jurisdiction to resolve the anti-SLAPP motion and provide the Parties with

---

[2] Specifically, Plaintiff conceded that her seventh claim for relief, which pertained to alleged *Brady* violations, was barred by the Ninth Circuit's holding in *Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1114 (9th Cir. 2023), because she was not convicted of a crime and therefore could not demonstrate prejudice.

"stability and finality." Reply in Supp. 14, ECF 13. But this Court finds that the balance of factors points toward declining to exercise jurisdiction over the remaining claims.

The federal claims forming the basis of this Court's jurisdiction were withdrawn at an early stage of the proceedings. Thus, this Court has not invested significant time and resources sufficient to justify retaining jurisdiction. Furthermore, the case was first filed in state court, and there has been no representation that state court is an inconvenient or unfair forum for the parties. And most importantly, declining to exercise jurisdiction over claims based on state law—for which Defendants have filed an anti-SLAPP motion that presents complex issues of state law—respects the values of federalism and comity.

In sum, the factors considered by the Court show that this court should decline to exercise supplemental jurisdiction over the remaining claims, and the case should be remanded to state court.

## RECOMMENDATION

This Court should DECLINE to exercise supplemental jurisdiction over the remaining state law claims, and the case should be REMANDED to state court.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 26th day of June, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge